**Andrew S. Moses, OSB No. 983009**
amoses@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road
Suite 560
Tigard, Oregon 97223
Telephone:   (503) 242-2922
Facsimile:   (503) 242-1264

*Attorneys for Plaintiff*
*Zurich American Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY CHRISTOPHER MINKLER, an individual, and M.M., a minor by and through her father Anthony Christopher Minkler,<br><br>    Defendant. | Case No. 3:23-cv-00522-JR<br><br>COMPLAINT IN INTERPLEADER |

Plaintiff Zurich American Insurance Company, a New York corporation, ("Zurich" or "ZAIC") by and through its undersigned counsel, for its Complaint in Interpleader, alleges the following:

/ / /

## PARTIES

1. Zurich is an insurance company organized and existing under the laws of the State of New York with its principal place of business in Schaumburg, Illinois. Zurich is duly authorized to do business in the State of Oregon.

2. Upon information and belief, Defendant Anthony Christopher Minkler ("Minkler") is a resident of Clatskanie, Oregon.

3. Upon information and belief, Defendant M.M. ("M.M.") is a resident of Clatskanie, Oregon, and may be served through her father, Minkler, who is also a resident of Clatskanie, Oregon.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C §1132(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. For the purpose of processing this claim, Zurich had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002(21)(A)(iii).

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because the defendants reside in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

6.  Zurich issued group accident insurance policy number GTU 0284973 to policyholders Prestige Senior Management, LLC and Prestige Care, Inc. (the "Plan").

7.  As an eligible employee of Prestige Senior Management, LLC and/or Prestige Care, Inc., Courtney M. Miller (the "Insured") received Accidental Death Benefits under the Plan.

8.  Upon information and belief, the Insured did not designate a primary or contingent beneficiary to the benefits due under the Plan.

9.  On or about October 17, 2018, the Insured died. *A true and correct copy of the Insured's Death Certificate is attached hereto as* **Exhibit 1**.

10. As a result of the death of the Insured, death benefits in the amount of $20,000.00, plus applicable claim interest, if any, (the "Death Benefit") became due.

11. Upon information and belief, on the date the Insured died, the Insured was a resident of the State of Washington.

12. Upon information and belief, the Insured died intestate.

13. Upon information and belief, on the date the Insured died, the Insured had no surviving spouse or state registered domestic partner.

14. Upon information and belief, on the date the Insured died, the Insured was the mother of two minor children, V.A. and M.M.

15. Upon information and belief, each of the Insured's minor children has a different father.

16. Because the Insured had designated no beneficiary to the Plan, and because the Insured was a resident of the State of Washington and died intestate, and because the Insured had

**COMPLAINT IN INTERPLEADER**                                                                                                    **Page 3**

no surviving spouse or state registered domestic partner, RCW 11.04.015 (2)(a) applies to the descent and distribution of the Insured's estate to her two minor children who shall take equally because each child has the same degree of kinship to the Insured.

17. Zurich has distributed a one-half share of the Death Benefit, $10,000.00, plus applicable claim interest, if any, to the legal guardian of the Insured's minor child, V.A.

18. Upon information and belief, Minkler is the father of the Insured's minor child, M.M.

19. Zurich cannot determine factually or legally whether Minkler is the legal guardian of M.M. to whom the remaining one-half share of the Death Benefit, which is $10,000.00, plus applicable claim interest, if any ("Remaining Death Benefit") should be distributed on behalf of M.M.

20. Zurich is thus exposed to potential claims by unknown other persons and potential multiple liability.

21. Other than the claim made on behalf of V.A., there have been no other claims to the Death Benefit.

22. Zurich is ready, willing, and able to pay the Remaining Death Benefit in accordance with the terms of the Plan and to whomever this Court shall designate.

23. As a mere stakeholder, Zurich has no interest (except to recover its attorney fees and cost of this action) in the Remaining Death Benefit and respectfully requests that this Court determine if Minkler is the legal guardian of M.M. and the proper person to whom to distribute the Remaining Death Benefit on behalf of M.M.

///

**COMPLAINT IN INTERPLEADER**  **Page 4**

24.     Zurich has not brought this Complaint in Interpleader at the request of other parties. Zurich brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Zurich prays that the Court enter judgment:

a.      Directing Zurich to pay the Remaining Death Benefit, together with claim interest, if any, into this Court or to such other person as the Court directs;

b.      Appointing a guardian *ad litem* for the minor, M.M.;

c.      Directing the Defendants to interplead their rights to the Remaining Death Benefit;

d.      Enjoining the Defendants, and each of them, from instituting or prosecuting any proceeding in any state or United States court relating to the Plan and/or the Death Benefit;

e.      Discharging Zurich from all liability to the defendants arising out of the matters set forth herein upon payment of the Remaining Death Benefit, together with applicable claim interest, if any, into this Court or to such other person as the Court directs;

f.      Entering an Order awarding Zurich payment of its reasonable attorney fees and costs; and

/ / /

g.    awarding Zurich any other and further relief that this Court deems just and proper.

DATED this 10th Day of April, 2023.

                              Respectfully Submitted:

                              GORDON & POLSCER L.L.C.

By: *s/ Andrew S. Moses*
Andrew S. Moses, OSB No. 983009
amoses@gordon-polscer.com

*Attorneys for Plaintiff*
*Zurich American Insurance Company*