**Andrew S. Moses, OSB No. 983009**
amoses@gordon-polscer.com
**Chad D. Fuss, OSB No. 222671**
cfuss@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road
Suite 560
Tigard, Oregon 97223
Telephone:	(503) 242-2922
Facsimile:	(503) 242-1264

*Attorneys for Plaintiff*
*Zurich American Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a New York corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY CHRISTOPHER MINKLER, an individual, and M.M., a minor by and through her father Anthony Christopher Minkler,<br><br>　　　　　　　　Defendant. | Case No. 3:23-cv-00522-JR<br><br>PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR APPOINTMENT OF A GUARDIAN AD LITEM AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67 |

　　　　Plaintiff Zurich American Insurance Company, a New York corporation, ("Zurich" or "ZAIC") by and through its undersigned counsel, submits this Motion for entry of an Order appointing an individual as the Court deems appropriate as guardian ad litem for minor Defendant, M.M. and directing Zurich to deposit the remaining death benefit into the Court's registry or into an account opened by Anthony Minkler in M.M.'s name. Zurich takes no position on the identity

of the appointee, but Zurich has no objection to M.M.'s father, Anthony Minkler, appointment as guardian *ad litem*.

Per Local Rule 7-1, counsel for Plaintiff made a good faith effort through emails on August 9, 2023 and August 16, 2023 to schedule a telephone conference to discuss this motion and determine if Defendants oppose it. On August 17, 2023, I left a voicemail on the phone number we have for Anthony Minkler to discuss this motion. As of filing this motion, Mr. Minkler has not responded to the aforementioned emails or phone call.

## PROCEDURAL HISTORY

On April 10, 2023, Zurich filed its Interpleader Complaint in the United States District Court of Oregon, Portland Division. (Doc. No. 1). On May 27, 2023, Anthony Minkler and M.M., a minor, were served with the Summons and Complaint. (Doc. No. 6).

## STATEMENT OF FACTS

Zurich issued group accident insurance policy number GTU 0284973 to policyholders Prestige Senior Management, LLC and Prestige Care, Inc. (the "Plan"). As an eligible employee of Prestige Senior Management, LLC and/or Prestige Care, Inc., Courtney M. Miller (the "Insured") selected Accidental Death Benefits under the Plan. Upon information and belief, the Insured did not designate a primary or contingent beneficiary to the benefits due under the Plan. On or about October 17, 2018, the Insured died. A true and correct copy of the Insured's Death Certificate is in the Court's file as Document 1-1.

As a result of the death of the Insured, death benefits in the amount of $20,000.00, (the "Death Benefit") became due. Upon information and belief, on the date the Insured died, the Insured was a resident of the State of Washington. Upon information and belief, the Insured died intestate. Upon information and belief, on the date the Insured died, the Insured had no surviving spouse or state registered domestic partner. Upon information and belief, on the date the Insured died, the Insured was the mother of two minor children, V.A. and M.M. Upon information and

**PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR APPOINTMENT OF A GUARDIAN AD LITEM AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67**   Page 2

of the appointee, but Zurich has no objection to M.M.'s father, Anthony Minkler, appointment as guardian *ad litem*.

Per Local Rule 7-1, counsel for Plaintiff made a good faith effort through emails on August 9, 2023 and August 16, 2023 to schedule a telephone conference to discuss this motion and determine if Defendants oppose it. On August 17, 2023, I left a voicemail on the phone number we have for Anthony Minkler to discuss this motion. As of filing this motion, Mr. Minkler has not responded to the aforementioned emails or phone call.

## PROCEDURAL HISTORY

On April 10, 2023, Zurich filed its Interpleader Complaint in the United States District Court of Oregon, Portland Division. (Doc. No. 1). On May 27, 2023, Anthony Minkler and M.M., a minor, were served with the Summons and Complaint. (Doc. No. 6).

## STATEMENT OF FACTS

Zurich issued group accident insurance policy number GTU 0284973 to policyholders Prestige Senior Management, LLC and Prestige Care, Inc. (the "Plan"). As an eligible employee of Prestige Senior Management, LLC and/or Prestige Care, Inc., Courtney M. Miller (the "Insured") selected Accidental Death Benefits under the Plan. Upon information and belief, the Insured did not designate a primary or contingent beneficiary to the benefits due under the Plan. On or about October 17, 2018, the Insured died. A true and correct copy of the Insured's Death Certificate is in the Court's file as Document 1-1.

As a result of the death of the Insured, death benefits in the amount of $20,000.00, (the "Death Benefit") became due. Upon information and belief, on the date the Insured died, the Insured was a resident of the State of Washington. Upon information and belief, the Insured died intestate. Upon information and belief, on the date the Insured died, the Insured had no surviving spouse or state registered domestic partner. Upon information and belief, on the date the Insured died, the Insured was the mother of two minor children, V.A. and M.M. Upon information and

belief, each of the Insured's minor children has a different father. Because the Insured had designated no beneficiary to the Plan, and because the Insured was a resident of the State of Washington and died intestate, and because the Insured had no surviving spouse or state registered domestic partner, RCW 11.04.015 (2)(a) applies to the distribution of the Insured's estate to her two minor children who shall take equally because each child has the same degree of kinship to the Insured.

Zurich has distributed a one-half share of the Death Benefit, $10,000.00 to the legal guardian of the Insured's minor child, V.A.

Upon information and belief, Mr. Minkler is the father of the Insured's minor child, M.M. Zurich cannot determine factually or legally whether Mr. Minkler is the legal guardian of M.M. to whom the remaining one-half share of the Death Benefit, which is $10,000.00 ("Remaining Death Benefit") should be distributed on behalf of M.M. Zurich is thus exposed to potential claims by unknown other persons and potential multiple liability. Other than the claim made on behalf of V.A., there have been no other claims to the Death Benefit.

Zurich is ready, willing, and able to pay the Remaining Death Benefit in accordance with the terms of the Plan and to whomever this Court shall designate. As a mere stakeholder, Zurich has no interest in the Remaining Death Benefit and respectfully requests that this Court determine if Minkler is the legal guardian of M.M. and the proper person to whom to distribute the Remaining Death Benefit on behalf of M.M. (See Declaration of Janet Warley, filed concurrently herewith).

## LEGAL ARGUMENT

I. **This Court Should Appoint A Guardian *Ad Litem* For The Minor Defendant, M.M.**

Rule 17(c)(1) provides that a general guardian may sue or defend on behalf of a minor. Fed. R. Civ. P. 17(c)(1). Where a minor does not have a duly appointed representative, the Court

must appoint a guardian *ad litem* or make such other appropriate Order for the protection of the minor. Fed. R. Civ. P. 17(c)(2).

Here, Defendant M.M. is a minor. Her father, Mr. Minkler, has been named in this action solely in his capacity as parent and natural guardian of M.M. Mr. Minkler does not have an independent claim to the Remaining Death Benefit and does not have a conflict of interest with M.M. with regard to the Remaining Death Benefit. Zurich takes no position on the appropriateness of Mr. Minkler acting as guardian *ad litem* for M.M. but does not object to it. In the event the Court finds that Mr. Minkler cannot serve as M.M.'s guardian *ad litem* in this action, Zurich respectfully requests that the Court appoint another appropriate individual as M.M.'s guardian *ad litem*.

This matter cannot properly proceed and any orders of this Court may not be binding on M.M. until she is formally represented by a guardian *ad litem* in this action. Accordingly, Zurich respectfully requests that this Court issue an Order appointing a guardian *ad litem* for M.M. for the purposes of appearing on behalf of the minor in this action and otherwise binding her to Orders entered and decisions made during the course of this litigation.

## II.     The Court Should Grant Zurich's Motion To Deposit The Remaining Death Benefit With The Court

Where "any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Here, Zurich seeks to have the Court determine the "disposition of a sum of money."

While Mr. Minkler has provided a letter showing his address matches a letter from M.M.'s school[1], Zurich brought this interpleader action because it has not been provided documentation from a governmental body recognizing Mr. Minkler as M.M.'s legal guardian or custodian.

---

[1] A copy of the two letters are attached as **EXHIBIT 1**.

Zurich therefore respectfully requests that this Court issue an Order regarding whether or not Mr. Minkler is M.M.'s legal guardian/custodian.

Second, Zurich requests this Court issue an Order either:

(1) allowing Zurich to deposit the Remaining Death Benefit in the amount of $10,000.00 into the Court's registry until such time as the Court can determine whether Mr. Minkler is M.M.'s legal guardian/custodian and dismissing Zurich from this matter; or

(2) Alternatively, if the Court finds that Mr. Minkler is M.M.'s legal guardian/custodian, Zurich does not oppose issuing the check directly to M.M. and having Mr. Minkler deposit it into a custodial bank account established in M.M.'s name, where the funds can stay until she reaches the age of majority.

## CONCLUSION

Zurich respectfully requests that this Court enter an Order appointing an individual as the Court deems appropriate as guardian *ad litem* for M.M.; a determination of whether Mr. Minkler is M.M.'s legal guardian/custodian; directing Zurich to deposit the Remaining Death Benefit into the Court's registry or to M.M. directly; and dismissing Zurich from the remainder of this case.

DATED this 28th Day of August, 2023.

Respectfully Submitted:

GORDON & POLSCER L.L.C.

By: *s/ Chad D. Fuss*
Andrew S. Moses, OSB No. 983009
amoses@gordon-polscer.com
Chad D. Fuss, OSB No. 222671
cfuss@gordon-polscer.com

*Attorneys for Plaintiff*
*Zurich American Insurance Company*

I certify that on the date noted below, I served the foregoing (1) PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR APPOINTMENT OF A GUARDIAN AD LITEM AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67 and (2) DECLARATION OF JANET WARLEY IN SUPPORT OF PLAINTIFF ZURICH AMERICAN INSURANCE COMPANY'S MOTION FOR APPOINTMENT OF A GUARDIAN AD LITEM AND FOR DEPOSIT PURSUANT TO FED. R. CIV. P. 67 (Exhibit 1), as indicated below:

anthony.c.minkler@gmail.com

Anthony Christopher Minkler
350 Cedar Street
Clatskanie, Oregon 97016

*Defendant*

*via regular mail*
*via electronic mail*

DATED this 28th Day of August, 2023.

By: *s/ Chad D. Fuss*
Andrew S. Moses, OSB No. 983009
amoses@gordon-polscer.com
Chad D. Fuss, OSB No. 222671
cfuss@gordon-polscer.com

*Attorneys for Plaintiff*
*Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**                                                                 Page 1